HENRY J. CUNNINGHAM *vs.* MAYOR OF CAMBRIDGE
& another.

Suffolk.    January 26, 1905. — June 22, 1905.*

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND,
LORING, & BRALEY, JJ.

*Municipal Corporations,* By-laws and ordinances.    *Mandamus.    Cambridge,*
Chief of police.

A chief of police appointed under an ordinance of a city providing that the chief
of police shall hold his office during the pleasure of the board of aldermen, if he
is removed by the board of aldermen without a hearing, cannot maintain a peti-
tion for a writ of mandamus to compel his reinstatement on the ground that the
provisions for removal in the ordinance under which he was appointed are con-
trary to the provisions of the charter of the city, for if the ordinance is invalid
his appointment was illegal.

LATHROP, J.    This is a petition for a writ of mandamus.
The petitioner alleges that on June 30, 1903, he was a resident
citizen of the city of Cambridge, and was duly appointed chief of
police of that city by the mayor thereof, subject to confirmation
by the board of aldermen, and that on July 19, 1903, his ap-
pointment was duly confirmed by the board of aldermen, and
he entered upon the duties of his office as chief of police, and
continued to hold the office until January 20, 1904 ; that on
January 19, 1904, the respondent Daly, the then mayor of the
city, notified the petitioner that he had appointed the respond-
ent Pullen to succeed the petitioner as chief of police ; that on
the same day the mayor notified the board of aldermen of the
action he had taken ; and that on January 26, 1904, the board
of aldermen adopted an order ratifying and confirming the
action of the mayor.

The prayer of the petition is to compel the mayor to recog-
nize the petitioner as chief of police of said city, and to reinstate
him in office, and to compel Pullen to abstain from performing
the duties of the chief of police, and to refrain from interfering

* The opinion in this case was withdrawn on an application for a rehear-
ing.    This was denied on September 5, 1905, when the case was returned
to the Reporter.

with the petitioner in the lawful performance of his duties as such chief of police.

The case was heard by a single justice of this court, who found that the office of chief of police was not under civil service rules and regulations, (see R. L. c. 26, § 19,) ordered the petition dismissed, and reported the case for our consideration.

Chapter 20, § 1, of the revised ordinances of the city of Cambridge provides: "The police department shall be under the charge of the chief of police, who shall hold his office during the pleasure of the mayor and aldermen," and then goes on to prescribe his duties.

The revised charter of the city, St. 1891, c. 364, in § 9 provides: "All officers of the city not elected by the qualified voters shall be resident citizens of the city of Cambridge, and shall, except as herein otherwise provided, be appointed by the mayor, subject to confirmation by the board of aldermen, and for such terms respectively as are or may be fixed by law or ordinance," etc. Section 10 provides: "The mayor after due hearing may, with the approval of a majority of the board of aldermen, remove . . . any member of the police force."

The petitioner contends that the ordinance above referred to merely prescribes a tenure of office and not a term of office, and that it does not therefore comply with § 9 of the charter; and that as he was removed without a hearing he is entitled to be reinstated.  We have been addressed with a learned argument in support of these propositions.

However important these questions may be, we do not find it necessary to determine them in this case.  The ordinance is either valid or invalid under the charter.  If it is valid the petitioner has no ground of complaint.  If it is invalid, as he was appointed under the same ordinance, his appointment was illegal, and he has no standing in court.  *Loper* v. *Millville*, 24 Vroom, 362, 368.

In the opinion of a majority of the court the order must be
*Petition denied.*

The case was argued at the bar in January, 1905, before *Knowlton*, C. J., *Morton, Loring*, & *Braley*, JJ., and afterwards was submitted on briefs to all the justices.

*J. J. McCarthy & W. J. O'Donnell*, for the petitioner.

*G. A. A. Pevey*, for the respondents.